UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHVILLE DIVISION
DOCKET NO. 1:16-cv-313

| | |
|---|---|
| **BECKY SEAGLE,** | ) |
| Plaintiff, | ) ) ) |
| Vs. | ) ) ORDER |
| **NANCY A. BERRYHILL, Acting Commissioner** of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

**THIS MATTER** is before the Court upon Plaintiff's Motion for Summary Judgment (Doc. No. 11) and Commissioner's Motion for Summary Judgment (Doc. No. 13). Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and Order.

**FINDINGS AND CONCLUSIONS**

**I.    Administrative History**

Plaintiff filed an application for a period of disability and Disability Insurance Benefits on February 28, 2012, alleging a disability onset date of April 24, 2009. Plaintiff's claim was denied both initially and on reconsideration. On July 23, 2014, the Appeals Council remanded Plaintiff's case. The ALJ held hearings on February 23, 2015 and April 13, 2015. On May 28, 2015, the ALJ issued a decision which was unfavorable to Plaintiff, from which Plaintiff appealed to the Appeals Council. Plaintiff's request for review was denied and the ALJ's decision affirmed by the Appeals Council, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). Thereafter, Plaintiff timely filed this action.

## II. Factual Background

In his decision, the ALJ first concluded that Plaintiff had not engaged in substantial gainful activity since April 24, 2009. (Tr. 25). At the second step, the ALJ concluded Plaintiff had the following severe impairments: obesity, hypothyroidism, anemia, obstructive sleep apnea, mild social anxiety, and mild depression. *Id.* At the third step, the ALJ found that the Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 27). The ALJ specifically found that the Plaintiff had moderate difficulties in social functioning, and moderate difficulties in maintaining concentration, persistence or pace. (Tr. 28).

The ALJ then found that Plaintiff retained the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: "she can occasionally climb ladders; must avoid concentrated exposure to hazards; and is limited to simple, routine, repetitive tasks in a stable environment with occasional public contact." (Tr. 29).

At the fourth step, the ALJ found that the claimant was unable to perform any past relevant work (Tr. 33). However, at the fifth step, the ALJ concluded that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform, including packer, folder, and assembler. (Tr. 34). Accordingly, the ALJ found that the Plaintiff was not disabled under the Act. *Id.*

## III. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, *Smith v. Schwieker*, 795 F.2d 343, 345 (4th Cir.

1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson*, 402 U.S. at 400. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. *Hays*, 907 F.2d at 1456.

## IV. Discussion

Plaintiff argues, *inter alia*, that the ALJ's RFC evaluation was insufficient to account for her moderate limitations in concentration, persistence, or pace.

The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR96-8p, available at 1996 WL 374184, at *2. The ALJ must also "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." *Id.*

Plaintiff has the burden of establishing her RFC by showing how her impairments affect her functioning. *See* 20 C.F.R. §§404.1512(c) & 416.912(c); *see also*, *e*.g., *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); *Plummer v. Astrue*, No. 5:11-cv-06-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing *Stormo*), *adopted*, 2012 WL 1858844 (May 22, 2102), *aff'd*, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

In *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), the Fourth Circuit held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant

functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." 780 F.3d at 636 (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)). This explicit function-by-function analysis is not necessary when functions are irrelevant or uncontested.

In *Mascio*, the court also "agree[d] with other circuits that an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting *Winschel v.Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits)). "The ability to perform simple tasks differs from the ability to stay on pace. Only the later limitation would account for a claimant's limitation in concentration, persistence or pace." *Id*.

Applying those legal principles to the record here, the undersigned concludes that this matter should be remanded for a new hearing. In his formulation of Plaintiff's RFC, the ALJ accounted for her moderate difficulties in maintaining concentration, persistence or pace, if at all, with a limitation to "simple, routine, repetitive tasks in a stable environment with occasional public contact." (Tr. 29). Even if supported by substantial evidence, a limitation to simple tasks or instructions does not "account for a limitation in concentration, persistence or pace." 780 F.3d at 638. As in *Mascio*, "[p]erhaps the ALJ can explain why [Plaintiff's] moderate limitation in concentration, persistence or pace … does not translate into a limitation in [her] residual functional capacity…. But because the ALJ gave no explanation, a remand is in order." *Id*.

## V.     Conclusion

The undersigned has carefully reviewed the decision of the ALJ and Appeals Council, the transcript of the proceedings, Plaintiff's motion and briefs, Commissioner's responsive pleadings,

and Plaintiff's assignments of error. Because the ALJ did not properly assess Plaintiff's residual functional capacity, the case must be remanded. Accordingly, Plaintiff's Motion for Summary Judgment will be granted, the Commissioner's Motion for Summary Judgment will be denied, and the decision of the Commissioner will be vacated.

**IT IS, THEREFORE, ORDERED** that

(1) the decision of the Commissioner, denying the relief sought by Plaintiff, is **VACATED**;

(2) the Plaintiff's Motion for Summary Judgment (Doc. No. 11) is **GRANTED**; and

(3) the Commissioner's Motion for Summary Judgment (Doc. No. 13) is **DENIED.**

Signed: November 6, 2017

Graham C. Mullen
United States District Judge